J. I. KOPELMAN, trustee in bankruptcy, *vs.* UNIVERSITY OF MASSACHUSETTS BUILDING AUTHORITY.

Hampshire.   January 4, 1973. — April 13, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Public Works. Contract,* Bidding for contract.

A bill in equity alleging that the University of Massachusetts Building Authority refused under G. L. c. 149, § 44D, to accept petitioner's subbid on a project even though it was the lowest responsible eligible bidder, failed to allege sufficient facts to support a conclusion that the Authority acted unlawfully, or without evidence to support its conclusion, or arbitrarily, capriciously or in abuse of its discretion. [464–466]

BILL IN EQUITY filed in the Superior Court on June 21, 1967.

The suit was heard by *O'Malley,* J., on demurrer.

The case was submitted on briefs.

*Irving D. Labovitz* for the plaintiff.

*Morris M. Goldings & Robert A. Saggese* for the respondent.

WILKINS, J.  The plaintiff, trustee in bankruptcy of The State Glass Co. (Glass), appeals from an interlocu-

tory decree sustaining the Authority's demurrer and from a final decree dismissing the bill for judicial review pursuant to the State Administrative Procedure Act, G. L. c. 30A.

The following facts are alleged in Glass's bill for judicial review. In February of 1967, on invitation of the Authority, Glass submitted a subbid for aluminum doors and windows to be installed in a dining hall and in dormitories to be constructed at the University of Massachusetts. Glass was the lowest responsible and eligible bidder for the work covered by its subbid. It appears inferentially in the bill that the general contractor selected by the Authority named Glass to perform the work covered by its subbid. See G. L. c. 149, § 44H, as amended. After the selection of the general contractor, in March of 1967, the Authority notified Glass that "[a]fter careful examination of the facts, the Authority determined that your sub-bid did not represent the subbid of a person competent to perform the work as specified." This language substantially parallels G. L. c. 149, § 44D, as appearing in St. 1965, c. 598, which authorizes an awarding authority in inviting subbids to reserve the right to reject any subbid which does not represent the subbid of a person competent to perform the work as specified. The Authority rejected the subbid without any hearing or prior notice of its intent to reject the bid. The notice from the Authority specifically stated that Glass had "failed to complete its sub-bid work on Project 5 (Dining Hall) of the . . . Authority" and added that "the buildings upon which you stated in your bid form that you served as sub-contractor for work of similar character related in fact to work other than aluminum windows and doors." The bill further alleges that the general contractor selected was "Daniel O'Connell's Sons, Inc. — George F. Driscoll Company," that Daniel O'Connell's Sons, Inc., had been the the general contractor on the earlier project in which Glass had not completed its subcontract and that Glass had pending a suit against

Daniel O'Connell's Sons, Inc., and others in connection with the earlier project.

Glass thereafter sought and was provided a hearing by the Authority in April of 1967. The Authority, having already acted, "did not contemplate revising, revoking, modifying or amending its rejection" of Glass. The nature of the hearing granted Glass does not appear. Approximately six weeks later Glass received a communication from general counsel for the Authority, enclosing a copy of minutes of the meeting of the Authority "which reflected the final adverse decision of the . . . Authority."

The bill further alleges that the reasons given for Glass's rejection were insufficient and otherwise in error as matter of law; that Glass's failure to complete its work on "Project 5 of the . . . Authority" was due to the fault of others; and that Glass was competent to perform the work as specified. Glass asserts that it has suffered substantial and irreparable financial injury as a result of the decision of the Authority; that it was constitutionally entitled to a hearing prior to rejection of its subbid; that there was no evidence to support the decision that Glass was not competent to perform the work as specified; and that the rejection was unwarranted, arbitrary, capricious and an abuse of discretion.

The demurrer of the Authority was properly sustained. The allegations of the bill do not support its conclusionary allegations that the rejection of Glass's subbid was (a) erroneous as matter of law, (b) unsupported by any evidence that the subbid did not represent the subbid of a person competent to perform the work as specified, or (c) arbitrary, capricious and an abuse of authority. General allegations such as these, without any supporting specification of facts, do not provide material for a judicial determination. *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 146.

The bill admits that Glass had not completed the earlier project in which the general contractor was the same as that selected by the Authority for the second project. Although it is alleged that there was pending litigation

as to who was at fault for the noncompletion of that earlier subcontract, no facts (as opposed to conclusions) are alleged from which it could be determined that (1) Glass was not at fault in failing to complete its subcontract on the Authority's earlier project and (2) the Authority's reason for rejection of Glass was unlawful. As to the Authority's second ground for rejecting Glass, the bill does not deny that Glass's subbid supplied erroneous information concerning work of a similar character performed by it; rather it alleges that any such failure was not "an omission upon which the rejection for incompetency could have been predicated." [1]

It therefore appears on the face of the bill that the Authority rejected Glass's bid on its judgment of facts known to it which warranted its decision. In these circumstances, the bill simply fails to allege sufficient facts to support a conclusion that the Authority acted unlawfully, or without evidence to support its conclusion, or arbitrarily, capriciously or in abuse of its discretion. See *Industrial Engr. & Metal Fabricators, Inc.* v. *Poorvu Constr. Co. Inc.* 354 Mass. 287, 292.

In the view we take of this case we need not determine whether under other allegations a prospective subcontractor rejected by an awarding authority might have the right to judicial review under G. L. c. 30A. In all events, if Glass believed that the Authority acted in violation of the provisions of G. L. c. 149, §§ 44A–44J, it could have sought intervention by the Department of Labor

---

[1] The statutory form of subbid (G. L. c. 149, § 44G, inserted by St. 1956, c. 679, § 1) indicates that both grounds upon which the Authority rejected Glass as "a person competent to *perform the work as specified*" are appropriate considerations. Paragraph H of the statutory form of subbid provides in part, "The undersigned offers the following information as evidence of his qualifications to perform the work as bid . . . : —

1. . . . ..

2. Ever failed to complete any work awarded? . . . . . . . . . .

3. List one or more recent buildings . . . on which you served as sub-contractor for work of similar character as required for the above-named building. . . ."

and Industries. G. L. c. 149, § 44K, as appearing in St. 1957, c. 590, § 3.[2]

The interlocutory decree sustaining the Authority's demurrer is affirmed. The final decree is affirmed.

*So ordered.*

---

[2] During the time relevant to Glass's subbid, G. L. c. 149, § 44K, empowered the Department of Labor and Industries to enforce and require compliance with the provisions of G. L. c. 149, §§ 44A–44J, and to institute and prosecute proceedings to restrain the performance of any contract in violation of the provisions of those sections. Section 44K is applicable to the Authority. See St. 1960, c. 773, § 18. General Laws c. 149, § 44K, as amended through St. 1967, c. 535, § 3, now grants this enforcement right to the Commissioner of Labor and Industries or his designee. See *Commissioner of Labor & Indus.* v. *Lawrence Housing Authy.* 358 Mass. 202, 205–206.