JOHN DONNELLY & SONS, INC. *vs.* OUTDOOR ADVERTISING BOARD. May 4, 1977. In the context of the record before us, the only question is whether a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755-756 (1974), lies in civil actions commenced pursuant to G. L. c. 30A, § 14(1). 1. Prior to the implementation of the new rules of civil and appellate procedure, motions made prior to the filing of the administrative record were part of routine practice in proceedings seeking judicial review of administrative decisions. E.g., *Kopelman* v. *University of Mass. Bldg. Authy.* 363 Mass. 463, 465 (1973). There is nothing in G. L. c. 30A, § 14, as appearing in St. 1973, c. 1114, § 3, which would dictate a different result. Bearing in mind that the legislative purpose of the amendment to G. L. c. 30A, § 14, was to harmonize the statute with the new rules of civil and appellate procedure (*Schulte* v. *Director of the Div. of Employment Security,* 369 Mass.

74, 81, n.5 [1975]), we do not read the statute in its present form as effecting the drastic change of eliminating such motions in actions brought under G. L. c. 30A, § 14. 2. As to the instant case, we conclude that the judge did not err in denying the defendant's motion made under rule 12(b)(6) because resolution of the defendant's motion depended on the record of the administrative proceeding which was not before the trial judge. There may, however, be circumstances, though unusual, in which it would be appropriate for a judge to dispose of a case based on allegations contained on the face of a complaint without the necessity of having the board file a copy of the administrative proceedings. 3. The question reported is answered in accordance with this opinion.

*So ordered.*

*Anton T. Moehrke,* Assistant Attorney General (*Laurie Burt,* Assistant Attorney General, with him) for the defendant.

*John J. Hurley* (*Mary M. Logalbo* with him) for the plaintiff.