JANICE PARSONS & others[1] vs. MOBILE HOME PARK RENT
CONTROL BOARD OF CHICOPEE & another.[2]

Hampden. January 12, 1996. - September 26, 1996.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Civil Rights,* Attorney's fees. *Due Process of Law,* Rent control. *Mobile
Home.*

Plaintiffs, tenants in a mobile home park, who prevailed by obtaining a pre-
liminary injunction in an action challenging the rent control board's al-
lowance of a rent increase to the park owner, were not "prevailing par-
ties" in an action or proceeding to enforce a provision of 42 U.S.C.
§ 1983, and thus were not entitled to an award of attorney's fees. [633-636]

CIVIL ACTION commenced in the Hampden Division of the
Housing Court Department on October 30, 1992.

A question of law was reported to the Appeals Court by
*William H. Abrashkin,* J. The Supreme Judicial Court granted
an application for direct appellate review.

*David Waldfogel* for the plaintiffs.

*Barbara J. Sweeney* (*Thomas John Rooke* with her) for the
defendants.

*Joseph L. Kociubes & Bruce K. Miller* for Cambridge and
Somerville Legal Services, Inc., & others, amici curiae,
submitted a brief.

O'CONNOR, J. When this dispute arose, the plaintiffs were
tenants of the defendant Westover Trailer Park, Inc. (Westo-
ver), having rented mobile home lots at that defendant's
trailer park in Chicopee. In August, 1992, the tenants were
notified that the other defendant, mobile home park rent
control board of Chicopee (board), was considering a request
by Westover for a rent increase. The board conducted several
meetings and at the meeting on September 30, the board ap-
proved a monthly rental increase of $41.20. The board gave

---

[1]Stanley Gordon, Charles Rego, and Frank Krajewski.

[2]Westover Trailer Park, Inc.

Westover thirty days to implement the increase and Westover so notified the tenants. However, before October 30, Westover rescinded the notices. There is no suggestion in the record that any tenant paid increased rent pursuant to the notices that were later rescinded.[3]

On October 30, the plaintiff tenants filed a complaint in the Housing Court for Hampden County, seeking declaratory and injunctive relief. They claimed that the procedure followed by the board violated their statutory rights and their rights "to due process under the United States and Massachusetts Constitutions." On December 22, pursuant to the plaintiffs' motion, a judge in the Housing Court issued a preliminary injunction prohibiting Westover from increasing the rent because the plaintiffs had made a "strong preliminary showing on the merits of their claim that the procedures followed by the Board in allowing the rent increase did not meet the requirements of law."

On March 16, 1993, the Housing Court judge remanded the case to the board to consider Westover's petition for a rent increase de novo under the standards for administrative

---

[3]In their reply brief, the plaintiffs state the following: "At the board meeting of September 30, 1992, the Board authorized a rent increase. . . . The following day Tenants received a rent increase notice and many paid the increase. Later, after negotiations between attorneys for the Tenants and the Trailer Park and, in the words of the Housing Court, 'with the present lawsuit looming,' the Trailer Park returned the money and rescinded the increase pending the outcome of the plaintiffs' motion for a preliminary injunction. . . . These facts, alleged by the Tenants in their original complaint . . . were admitted by the Defendant Trailer Park . . . ." The plaintiffs' assertions that many tenants paid the increased rent that had been authorized on September 30, 1992, and that later Westover returned the money, are not supported by the record. Indeed, the judge states in his rulings and order, "With the present lawsuit looming, the Park agreed to rescind those rental increase notices and to return any monies the Tenants had paid in compliance with the notices. The record does not specify the amount, *if any*, that was paid by the Tenants pursuant to the rent increase notices, or the amount, *if any*, that was returned to them by the Park" (emphasis added). In addition, the plaintiffs' assertion in their reply brief that in their pleadings the plaintiffs alleged, and the defendants admitted, that many tenants paid the rent increase, is incorrect. The plaintiffs' complaint alleges only that "[s]ubsequent to the September 30, 1992 Board meeting, the Defendant Park issued notices of a $41.00 rent increase to the named Plaintiffs as well as all of the tenants in the Park. Since that time, however, Defendant Park has agreed to rescind these rent increase notices and return any monies to the tenants paid in connection with these increase notices."

423 Mass. 631 633

Parsons *v.* Mobile Home Park Rent Control Board of Chicopee.

proceedings set forth in G. L. c. 30A (1994 ed.). The board then approved a per lot monthly increase of $33.10. On October 8, 1993, the tenants filed a supplemental complaint challenging the second decision of the board on substantive grounds, and on February 18, 1994, an agreement for judgment was entered. The agreement for judgment specified that it was "without prejudice to plaintiffs' claim for attorney's fees against the defendant Rent Board under 42 U.S.C. [§ ] 1988." The plaintiffs then asserted such a claim by motion. The judge denied the motion but offered to report to the Appeals Court at the request of either party the question whether the plaintiffs had established a sufficient basis for an award of attorney's fees under § 1988. The plaintiff tenants requested such a report, and the judge reported the following question:

> "Where, in an administrative proceeding, a local rent control board grants an owner's request for a rent increase without affording to affected tenants procedural due process required by the United States Constitution and applicable provisions of state law, and where state law provides and the tenants successfully use constitutionally adequate procedures to redress the procedural due process violations, in the absence of bad faith or other improper motive can the administrative body be held liable to the tenants under 42 U.S.C. § 1983?"

We granted the plaintiffs' application for direct appellate review. Although the report is not technically correct, see Mass. R. Civ. P. 64, 365 Mass. 831 (1974), it is within our discretion to answer the question or otherwise review the judge's denial of the plaintiffs' motion for attorney's fees. See *Shabshelowitz* v. *Fall River Gas Co.*, 412 Mass. 259, 260-261 (1992). We shall do so.[4]

Title 42 U.S.C. § 1988 provides that "[i]n any action or

---

[4]We acknowledge the filing of an amicus brief by Cambridge and Somerville Legal Services, Inc.; Cambridgeport Problem Center for Public Representation; Civil Liberties Union of Massachusetts; The Disability Law Center, Inc.; Greater Boston Legal Services; The Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association; Legal Assistance Corporation of Central Massachusetts; Legal Services for Cape Cod and Islands, Inc.; Massachusetts Law Reform Institute; Merrimack Valley Legal Services, Inc.; Neighborhood Legal Services, Inc.; Southeast Mas-

proceeding to enforce a provision of [§ 1983] of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." This leads to the question whether the plaintiffs in this case were the "prevail[ing] part[ies]" in an "action or proceeding to enforce a provision" of § 1983. On appeal, the plaintiffs argue that they were the prevailing parties in such an action or proceeding when they "prevailed in their claim before the Hampden County Housing Court that the local board violated their rights to procedural due process as guaranteed by the United States Constitution." We agree that the plaintiffs prevailed in the Housing Court in the sense that they obtained a preliminary injunction prohibiting the board from increasing the rent, and they obtained that result by satisfying the judge that the proceedings that culminated in the board's vote on September 30, 1992, failed to satisfy constitutional due process standards. It does not follow, however, that the plaintiffs prevailed in a § 1983 action.

Title 42 U.S.C. § 1983 (1994) provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

The due process clause of the Fourteenth Amendment to the United States Constitution provides:

> "[N]or shall any state deprive any person of life, liberty, or property, without due process of law."

Title 42 U.S.C. § 1983 was "intended to '[create] a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution. *Imbler* v. *Pachtman*, 424 U.S. 409, 417 (1976)." *Carey*

sachusetts Legal Assistance Corporation; Southern Middlesex Legal Services, Inc.; and Volunteer Lawyers Project of the Boston Bar Association.

v. *Piphus*, 435 U.S. 247, 253 (1978). A plaintiff cannot prevail in an action under § 1983 without establishing that the defendant deprived him of liberty (see *Zinermon* v. *Burch*, 494 U.S. 113 [1990]), or property (see *Parratt* v. *Taylor*, 451 U.S. 527 [1981]) without due process of law. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 569 (1972). See *Lowe* v. *Scott*, 959 F.2d 323, 334 (1st Cir. 1992) ("In a § 1983 action, any claim of a violation of procedural due process necessarily includes a showing that the conduct complained of deprived the plaintiff of a cognizable property interest and that the conduct was committed by a person acting under color of state law"); *PFZ Properties, Inc.* v. *Rodriguez*, 928 F.2d 28, 30 (1st Cir. 1991) ("In order to establish a procedural due process claim under § 1983, PFZ must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process").

In their reply brief, the plaintiffs argue that "[i]n *Carey* v. *Piphus*, [*supra* at 266], the case of two students suspended from school without due process, the Supreme Court carefully and clearly pointed out that any actual damages suffered by the students were irrelevant to the issue of procedural due process." The plaintiffs imply that that case stands for the proposition that whether or not the students suffered deprivation of a constitutionally protected right also was irrelevant to whether the students were entitled to prevail on a § 1983 claim. The plaintiffs are incorrect. The primary question in *Carey* related to damages. The Court held that the deprivation of the students' constitutionally protected rights without due process was actionable for nominal damages under § 1983 even in the absence of proof of actual injury. *Id.* at 266-267.[5] There was no suggestion in *Carey*, however, that a plaintiff may be entitled to prevail under § 1983 even if he or she fails to establish the deprivation of a liberty or property interest without due process. We reject the plaintiffs' argu-

---

[5]In a footnote, the *Carey* Court states, "A number of lower federal courts have approved the award of nominal damages under § 1983 where deprivation of constitutional rights are not shown to have caused actual injury." *Carey* v. *Piphus*, 435 U.S. 247, 266-267 n.24 (1978).

ment based on *Carey* v. *Piphus, supra,* and we also reject the plaintiffs' argument based on *Goldberg* v. *Kelly,* 397 U.S. 254 (1970). The latter case is not helpful. It does not involve 42 U.S.C. §§ 1983 and 1988.

Finally, we reject the plaintiffs' argument, supported by the amicus brief, that, in order to qualify for an award of attorney's fees under 42 U.S.C. § 1988, they need not prove that they prevailed under § 1983, but need only to satisfy the so-called "substantiality test," that is, they need only to demonstrate that their § 1983 claim is not "obviously frivolous." See *Hagans* v. *Lavine,* 415 U.S. 528, 536-538 (1974). The substantiality test does not apply to this case, but applies only to claims brought by plaintiffs who prevailed on underlying State law claims where their Federal statutory or constitutional claims arise from the same nucleus of facts. See *Johnson* v. *Commissioner of Pub. Welfare,* 419 Mass. 185, 189-190 (1994) ("In a case in which the plaintiff alleges a violation of State law and also a violation of Federal statutory or regulatory law and seeks recovery under 42 U.S.C. § 1983, the plaintiff is entitled to attorneys' fees under 42 U.S.C. § 1988 if he establishes his claim under State law and his Federal statutory or regulatory claim arises from the same nucleus of facts on which the State law claim is based, and is substantial"); *Cronin* v. *Tewksbury,* 405 Mass. 74, 76 (1989) ("A court may award attorney's fees under § 1988 to a plaintiff who prevails on a non-civil rights claim, if that claim is pendent to a substantial constitutional claim that arises from the same nucleus of facts on which the State law claims are based"). The plaintiffs' claim here does not fall into such category.

We construe the reported question as asking whether in this case the defendant board established sufficient basis for an award of attorney's fees under 42 U.S.C. § 1988. We conclude that, within the meaning of 42 U.S.C. § 1988, the plaintiffs are not "prevailing parties" in an action or proceeding to enforce a provision of § 1983. Therefore, they are not entitled to attorney's fees under § 1988. The case is remanded to the Housing Court for the entry of judgment for the defendant.

*So ordered.*