Troy, J.
Plaintiffs Wankico River, Inc. (“Wankico”) and A.D. Makepeace Co. (“Makepeace”) have brought this appeal from a Determination of Applicability (“Determination”) by defendant Carver Conservation Commission (“Conservation Commission”) that the Carver Wetlands Protection Bylaw (“Bylaw”) does not apply to the proposed expansion of a regional sanitaiy landfill located in Carver, Massachusetts. Plaintiffs also seek a declaratory judgment that the proposed expansion of the landfill is subject to regulation under the Bylaw. Defendants’ have moved to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(1) and Mass.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss under rule 12(b)(1) or 12(b)(6), the court must accept the factual allegations in plaintiffs’ complaint as well as any favorable inferences reasonably drawn from them as true. See Nader v. Citron, 372 Mass. 96, 98 (1977).
BACKGROUND
In 1973, pursuant to G.L.c. 40, §44A-44K, the Massachusetts Legislature authorized the creation of the Carver-Marion-Wareham Regional Refuse District (“CMW District”) as a regional refuse disposal district under Chapter 40, 1973 Mass. Acts Ch. 819. Thereafter CMW District commenced operation of the Carver - Marion-Wareham Landfill (“Landfill”). The Landfill is located on. 95 acres in Carver, Massachusetts and borders the Wankico River. The Landfill serves some 50 communities and one million residents of southeastern Massachusetts. Wankico is the owner of the property underlying the Landfill. Makepeace owns property adjacent to and downstream from the Landfill, including some 150 acres of cranberry bogs. CMW District operates the Landfill under permits issued by the Massachusetts Department of Environmental Engineering pursuant to G.L.c. 111, §150A. CMW District has contracted with defendant SEMASS Partnership (“SEMASS”) to be fully responsible for the operation and maintenance of the Landfill.
CMW District has proposed expanding the Landfill by creating a new storm water retention basin next to an existing retention basin which plaintiffs claim has already caused damage to the land and environment, in particular to the Wankico River which Makepeace requires for the cultivation of its cranberries. Plaintiffs oppose any such expansion.
In 1999 Wankico submitted a Request for a Determination of Applicability to the Conservation Commission requesting that the Conservation Commission take jurisdiction over the Landfill and impose certain conditions. The requirements of the Bylaw are more stringent than the requirements of the Massachusetts Wetlands Protection Act (“Act”), G.L.c. 131, §40. Although both the Act and the Bylaw establish a 200-foot jurisdictional zone surrounding perennial rivers such as the Wankico River, the Act allows the zone to be contracted to 25 feet in densely populated areas, G.L.c. 131, §40 ¶15, whereas the Bylaw makes no such exception. Plans submitted to the Conservation Commission by SEMASS and CMW District show that the proposed new storm water retention basin would be prohibited by the Bylaw since the basin would be located within 200 feet of the Wankico River.
After a public hearing in January 2000, and after receiving an opinion from Town Counsel, the Conservation Commission issued its Determination that the Bylaw was not applicable.
Thereafter, plaintiffs filed this action seeking to invalidate the Determination. CMW District and SEMASS were allowed to intervene.
DISCUSSION
The Administrative Record.
Superior Court Standing Order 1-96 (“Standing Order 1-96”) provides that the administrative agency whose order is to be judicially reviewed, in this case the Conservation Commission, must file the record of the administrative proceeding (“Administrative Record”) within 90 days after service upon it of the *552 complaint. In their opposition to the motion to dismiss, plaintiffs argue that since the Conservation Commission has failed to file the Administrative Record, defendants’ motion to dismiss is premature and must be denied.
Standing Order 1-96 is intended to “facilitate and clarify” the orderly processing and hearing of complaints for judicial review of administrative agency proceedings. If this court lacks subject matter jurisdiction, requiring the Conservation Commission to file the Administrative Record would only lead to unnecessary cost and delay. A motion to dismiss under Rule 12(b)(1) may be raised at any time. I find that the failure of the Conservation Commission to file the Administrative Record does not preclude the defendants from filing a motion to dismiss which challenges the court’s subject matter jurisdiction. See John Donnelly & Sons, Inc. v. Outdoor Advertising Bd., 5 Mass.App.Ct. 819 (1977).
Counts I and II
Count I (“M.G.L.c. 249, §4—Invalid Procedure”) and Count II (“M.G.L.c. 249, §4—Insufficient Evidence”) are each brought pursuant to G.L.c. 249, §4. In reviewing a claim under G.L.c. 249, §4, the Court may rectify only those errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interest of the general public. Murray v. Second Dist. Ct. of E. Middlesex, 389 Mass. 508, 511 (1983).
Count I of the complaint alleges that the Conservation Commission exceeded its authority because it failed to consider the Bylaw when it issued its Determination as evidenced by its failure to indicate that it did so on the DEP Determination of Applicability Form. This is a procedurally based claim. Plaintiffs have alleged no prejudice from it. Plaintiffs were orally advised by the Conservation Agent of the Conservation Commission that the Determination was intended by the Conservation Commission to cover the Bylaw even though the Bylaw was not mentioned in the Determination (complaint, paragraph 24). This procedural defect does not result in manifest injustice to the plaintiffs.
Count II alleges that the Determination of the Conservation Commission was arbitrary, capricious, unsupported by the evidence, and erroneous as a matter of law. There is substantial evidence to support the Conservation Commission’s Determination that the Landfill is not subject to the Bylaw. The Conservation Commission does not have authority to regulate a legislatively created regional refuse disposal district, such as the CMW District, operating a landfill as part of its essential government function. See Nastanski v. Dep’t of Environmental Protection, 34 Mass.App.Ct. 1112 (1993), rescripting Nastanski v. Dep’t of Environmental Protection, Memorandum of Decision and Order in Plaintiff’s Motion for Judicial Review and Defendants’ Motion to Dismiss, Civil Action No. 90-0170A (April 11, 1991). See also Liberty Commons Realty Trust v. Gurge, 6 Mass. L. Rptr. 166, 1996 WL655732, Civ. No. 96-0024C (Oct. 9, 1996); Town of Freetown v. Zoning Board of Appeals, 33 Mass.App.Ct. 415 (1992). All plans for the Landfill are subject to the exclusive jurisdiction of the DEP. G.L.c. 40, §44C; Nastanski, Memorandum of Decision, supra at 8. Application of the Bylaw would impede the CMW District’s statutory function. See Town of Bourne v. Plante, 429 Mass. 329 (1999). The fact the CMW District has contracted out some or all of the operation of the Landfill does not defeat the Conservation Commission’s exemption from regulation. The Statement of Policy of the Solid Waste Management Act expressly recognizes that both public and private resources are required to address the solid waste capacity crisis. G.L.c. 21H, §1(a)(4), (4). As a regional refuse disposal district established under G.L.c. 40, §44E, the CMW District has all of the powers and duties set forth in G.L.c. 40, §44F. G.L.c. 40, §44F(c) authorizes a regional refuse disposal district to acquire land, to construct and originally equip a refuse disposal facility for the benefit of the relevant cities and towns, and to make any contracts in relation thereto. See G.L.c. 21H, §1(a)(4) and G.L.c. 21H,§1(b)(1)-(4). Since the Conservation Commission did not have personal jurisdiction over the CMW District (and SEMASS), this court lacks subject matter jurisdiction over plaintiffs’ claims in counts I and II.
Count III
In Count III, plaintiff seeks a declaratory judgment pursuant to G.L.c. 231A that the proposed expansion of the Landfill is subject to regulation under the Bylaw. In order to obtain this relief, plaintiffs must show the existence of an actual controversy and that they have the requisite legal standing to secure its resolution. Hillman v. Second Bank State St. Trust Co., 338 Mass. 15, 19 (1958). The purpose of both the actual controversy and standing requirements is to insure the effectuation of the statutoiy purpose of G.L.c. 231A which is to enable a court to afford relief from uncertainty and insecurity with respect to rights, duties, status and other legal relations. Massachusetts Ass’n of Independent Ins. Agents & Brokers v. Commissioner of Ins., 373 Mass. 290 (1977); G.L.c. 231A. For the reasons stated above, the court finds that there is no actual controversy with respect to the Determination of the Conservation Commission that the Landfill is not subject to the Bylaw. Since there is no actual controversy, plaintiffs lack standing to bring an action for declaratory relief under chapter 231A.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss plaintiffs’ complaint be ALLOWED.