Kenton-Walker, Janet, J.
The plaintiff, Robert Grady, is an inmate currently in the custody of the Department of Correction (“DOC”) at the Massachusetts Treatment Center in Bridgewater. On August 24, 2010, he commenced this civil action pursuant to *185 G.L.c. 249, §4; G.L.c. 231A; Articles 1, 10, and 12 of the Massachusetts Declaration of Rights; and 42 U.S.C. §1983, against defendants Theodore Lariviere, a correction officer; Justin Prario, a disciplinary hearing officer; Steven O’Brien, the superintendent at Old Colony Correctional Center; and John Jones, the deputy superintendent at the same facility. The plaintiff alleges that the defendants failed to comply with DOC disciplinary regulations when convicting him of a charged offense, in violation of his due process rights under the state and Federal constitutions, and in violation of his regulatory rights under 103 Code Mass. Regs. §§430.00 et seq. As a remedy, he asks the court to declare that the defendants violated these rights and order the disciplinary action expunged from his record, or in the alternative, order the defendants to provide him with a new hearing. The matter is now before the court on the defendants’ Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendants’ motion is ALLOWED.
BACKGROUND
Accepting as true the factual allegations in the complaint, the material facts are as follows. On November 21, 2007, while an inmate at the Old Colony Correctional Center, the plaintiff was issued Disciplinary Report No. 120271, which charged him with the following disciplinary offenses: (1) lying or providing false information; (2) counterfeiting, forgery, altering, etc.; (3) conduct which disrupts; (4) use of the mail or telephone in violation of established regulations; and (5) violating any departmental rule or regulation. The plaintiff subsequently filed a motion to dismiss these charges. Prior to the commencement of a disciplinary hearing, Prario, his disciplinary hearing officer, dismissed all the charges except for lying or providing false information.
At his disciplinary hearing, witnesses that the plaintiff had requested were excluded from testifying. On February 16, 2008, Prario found the plaintiff guilty and imposed the sanction of loss of telephone privileges for sixty days. The plaintiff timely appealed this conviction and sanction to O’Brien, the facility’s superintendent. On April 14, 2008, O’Brien denied the plaintiffs appeal.
Soon after this denial, the plaintiff came to believe that Lariviere, a correction officer, had offered false testimony at his disciplinary hearing. He filed an addendum to his appeal, which was never responded to by O’Brien. The plaintiff also spoke with Prario, who advised him to contact Philip Silva, the DOC’s Director of Discipline. The plaintiff wrote Silva but received no response.
Pursuant to 103 Code Mass. Regs. §430.19, a state correctional institution’s deputy superintendent is to conduct a procedural review of disciplinary dispositions within ten business days of the conclusion of the appeals process. However, review of the plaintiffs disciplinary proceedings by Jones, the facility’s deputy superintendent, did not occur until sometime around July 26, 2010.
On August 24, 2010, the plaintiff commenced this civil action. The DOC did not file a copy of the record of the disciplinary proceedings under review or otherwise answer the complaint. Instead, on December 13, 2010, the defendants filed a Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6).
DISCUSSION
A party moving to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) contends that a complaint fails to state a claim upon which relief can be granted. “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (ellipses and alterations in original).
Under this standard, the court first addresses whether it may consider a defendant’s motion to dismiss a plaintiffs state law claims where the involved administrative agency did not file the record of the disciplinary proceedings. Superior Court Standing Order 1-96 sets forth procedures that it provides are intended “to facilitate and clarify the orderly processing and hearing of (c)omplaints” that seek judicial review of agency proceedings on the administrative record, pursuant to G.L.c. 249, §4, G.L.c. 30A, §14, and similar statutes. Pertinent to this matter, Paragraph 2 of Standing Order 1-96 states that the administrative agency whose proceedings are to be reviewed must, by way of answer, file the record within ninety days after service upon it of the complaint. The Appeals Court, however, has ruled that “(t]here may ... be circumstances, though unusual, in which it would be appropriate for a judge to dispose of a case based on allegations contained on the face of the complaint without the necessity of having the [agency] file a copy of the administrative proceedings.” John Donnelly & Sons, Inc. v. Outdoor Adver. Bd., 5 Mass.App.Ct. 819, 820 (1977).
Accordingly, the court examines the allegations in the plaintiffs complaint to determine whether such circumstances are present in this case. The proper vehicle for inmates to challenge alleged improprieties in DOC disciplinary proceedings under state law is an action in the nature of a certiorari, pursuant to G.L.c. 249, §4. McLellan v. Commissioner of Corr., 29 Mass.App.Ct. 933, 934 (1990). General Laws c. 249, §4 provides that a civil action *186 in the nature of certiorari mustbe commenced “within sixty days next after the proceeding complained of.” G.L.c. 249, §4. “The term ‘proceeding complained of refers to ‘the last administrative action’ taken by an agency.” Committee for Pub. Counsel Serv. v. Lookner, 47 Mass.App.Ct. 833, 835 (1999), quoting Pidge v. Superintendent, Mass. Corr. Inst., Cedar Junction, 32 Mass.App.Ct. 14, 17-18 (1992). The failure to file such an action within the statutory time period is “such a ‘serious misstep’ that such an action must be dismissed when not timely filed.” Pidge, 32 Mass.App.Ct. at 18. The defendants argue that dismissal of the plaintiffs stated claims is appropriate since the plaintiff did not timely commence this action.
In his Opposition to the defendants’ Motion to Dismiss, the plaintiff erroneously contends that the last administrative action taken in DOC disciplinary proceedings is when the faciliiy’s deputy superintendent conducts a procedural review of an inmate’s disciplinary disposition at the end of the appeal process, pursuant to 103 Code Mass. Regs. §430.19. The last administrative action is actually when the facility’s superintendent takes action upon an inmate’s administrative appeal. Pidge, 32 Mass.App.Ct. at 18. See also Anderson v. Dennehy, 2008 WL 2736749, at *2 (Mass.Super.2008) [24 Mass. L. Rptr. 306]. In his complaint, the plaintiff alleged that O’Brien denied his appeal on April 14, 2008. Since the plaintiff commenced this civil action on August 24, 2010, well beyond the sixty-day limitations period set forth in G.L.c. 249, §4, his claims under state lawmust be dismissed.
This limitations period, however, is only applicable to that part of the complaint challenging the disciplinary proceedings under state law. The complaint also seeks relief pursuant to 42 U.S.C. §1983,[2] a federal claim that was properly filed within the three-year statute of limitations for torts resulting in personal injury, G.L.c. 260, §2A. See Pidge, 32 Mass.App.Ct. at 19 (“Although the Supreme Judicial Court has not yet ruled on this issue, we are persuaded that a State cannot apply a shorter time limit, such as the sixty-day period of G.L.c. 249, Section 4, to a substantive Federal right properly asserted in a State court”).
Nonetheless, the court cannot grant relief on the plaintiffs federal claim. “Title 42 U.S.C. §1983 was intended to [create] a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution.” Parsons v. Mobile Park Rent Control Bd. of Chicopee, 423 Mass. 631, 634 (1996) (internal quotations omitted). An inmate is entitled to the protection of procedural due process under the Federal Constitution “only if there is an existing liberty or property interest at stake.” Drayton v. Commissioner of Corr., 52 Mass.App.Ct. 135, 138 (2001), citing Sandin v. Conner, 515 U.S. 472, 484 (1995). In his complaint, the plaintiff alleges that the sanction imposed upon him was a sixty-day loss of telephone privileges. This sanction does not constitute an atypical, significant deprivation that gives rise to a liberty interest protected by the due process clause. See Drayton, 52 Mass.App.Ct. at 138, and cases cited. Consequently, the plaintiffs federal claim must also be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion to Dismiss be and is ALLOWED.

Title 42 U.S.C. § 1983 provides: “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...”