MARIE T. JAXTIMER & another[1] *vs.* PLANNING BOARD OF
NANTUCKET.

No. 94-P-128.

Suffolk. November 14, 1994. - January 5, 1995.

Present: PERRETTA, SMITH, & LAURENCE, JJ.

*Subdivision Control*, Approval not required, Frontage on public way. *Zoning*, Access to public way. *Way*, Public: subdivision control. *Practice, Civil*, Summary judgment.

A judge of the Land Court incorrectly granted summary judgment in an action appealing from a decision of a planning board where there remained a genuine issue of material fact whether a certain way shown on an approved subdivision plan provided adequate access for fire trucks and emergency vehicles as required by G. L. c. 41, § 81M. [24-25]

CIVIL ACTION commenced in the Land Court Department on March 23, 1993.

The case was heard by *Robert V. Cauchon*, J.

*Eric I. Zucker* for the defendant.

*John C. Creney* for the plaintiffs.

SMITH, J. This is an appeal by the planning board of Nantucket from a judgment of the Land Court which annulled the board's decision denying an "approval not required" (ANR) endorsement to the plaintiffs. See G. L. c. 41, § 81P.

The plaintiffs are owners of land located on Tristram Avenue in Nantucket. The land is registered and is identified as Lot A on a subdivision plan known as Land Court Plan 14833B. Tristram Avenue is a way shown on the approved Land Court plan.

On March 5, 1993, the plaintiffs submitted to the board a plan showing the division of Lot A into three lots fronting on

[1]Ruth Simpson.

Tristram Avenue. The plaintiffs "request[ed] that the [board] endorse [the] plan as not requiring approval under the subdivision control law." The board declined to give the requested endorsement.

The plaintiffs then filed a complaint in the Land Court appealing from the decision of the board. After the board answered the complaint, the parties submitted cross motions for summary judgment.

At the hearing on the motions, the board argued that Tristram Avenue was a "paper" street and therefore did not satisfy the requirements of G. L. c. 41, § 81L. The judge ruled, however, that because Tristram Avenue "is a way shown on an approved plan, as required by § 81L, . . . the [b]oard is required to endorse the [p]lan as approval not required under § 81P." Accordingly, the judge denied the board's motion for summary judgment and granted summary judgment in favor of the plaintiffs.

Under G. L. c. 41, § 81P, as appearing in St. 1963, c. 363, § 1, if a board finds that a plan does not require approval under a subdivision control law, "it shall forthwith . . . endorse thereon or cause to be endorsed thereon . . . the words 'approval under the subdivision control law not required' . . . . Such endorsement shall not be withheld unless such plan shows a subdivision."

A "subdivision" is defined as "the division of a tract of land into two or more lots . . . ." G. L. c. 41, § 81L, as appearing in St. 1963, c. 580. However, a division is excluded from the definition of a subdivision under G. L. c. 41, § 81L, if "every lot within the tract so divided has frontage on . . . (b) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law . . . ." G. L. c. 41, § 81L, as amended, by St. 1965, c. 61.

It is undisputed that the lot A, once divided, has sufficient frontage on a way shown on an approved plan. However, the exclusion of the lots from the subdivision control law also requires that there be an actual street with "adequate access for fire trucks and emergency vehicles." *Shea* v. *Board of Appeals of Lexington*, 35 Mass. App. Ct. 519, 523 (1993).

*Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 153 (1983)(a board acts "properly [in] deny[ing] an 81P endorsement because of inadequate access, despite technical compliance with frontage requirements, where access is nonexistent for the purposes set out in § 81M").

Here, the board in support of its motion for summary judgment submitted an affidavit from its planning director stating that "[t]he portion of Tristram Avenue on which the plaintiffs' lots purportedly front . . . is not a public way. It also is not a constructed way, existing only as a paper street . . . . [It] is nothing more than the equivalent of a cart path. It is insufficiently wide, graded, or useable for even a single vehicle to pass safely." The plaintiffs submitted photographs which depict vehicles on a dirt road with some houses in the distance.

It is clear to us that whether Tristram Avenue provides adequate access to the proposed lots raises a genuine issue of material fact and, therefore, summary judgment should not have been granted. "Summary judgment is a 'device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts . . . .' " *Cassesso* v. *Commissioner of Correction*, 390 Mass. 419, 422 (1983), quoting from *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976).

The judgment is reversed and the matter is remanded to the Land Court for trial.

*So ordered.*