Donovan, J.
The plaintiff, Elm Street Realty Trust, Bradford C. Cushing, Trustee (Trust), filed this action under G.L.c. 41, §8 IBB against the membership of the Planning Board of the Town of Duxbuxy (Board). The Trust alleges it is aggrieved because the Board denied *643 its request for approval of the plan under c. 41, §81P. The Trust seeks to annul the vote of the Board. Both parties moved for summary judgment.
Summary Judgment shall be allowed on the Board’s motion and denied on the Trust’s application.

DISCUSSION

On September 9, 1996 the Board approved a definitive subdivision plan submitted by the Trust for a 38 acre parcel of land located off Elm Street, a public way. The approval consisted of a division of the area into 17 residential lots. The subdivision required the layout of two ways: Cushing Drive and Ice House Road. The plan provided access to the lots from Elm Street over the to be constructed Cushing Drive.
The approval of the subdivision was premised upon the Trust complying with several conditions; including the filing of a “Form F Covenant” to be endorsed by the Board. The covenant which runs with the land requires “the construction of ways and the installation of municipal services . . , in accordance with the approved Definitive Plan and the applicable Rules and Regulations of said Board before such lot maybe built upon or conveyed ...” The covenant was endorsed by the Board on February 1, 1999.
In 1997 the Trust acquired 2.92 acres of land located between Elm Street and the approved subdivision. On March 29, 1999 the Trust made application to the Board to subdivide the 2.92 acres stating subdivision approval was not required because the land abutted two public ways; Elm Street and Cushing Drive. The Board voted unanimously the plan as submitted was a subdivision under the Subdivision Control Law. Cushing Drive does not exist except on the Definitive Plan approved in 1996.
The Trust argues approval of the 2.92 acres was not required because the lots had frontage on away. G.L.c. 41, §81L states under the definition of “subdivision”: “the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision ... if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way . . . , or (b) a way shown on a plan therefore approved and endorsed in accordance with the subdivision control law ...” The Trust claims Cushing Drive is a way shown on a plan and qualifies under (b) and the lots laid out within the 2.92 acres have sufficient frontage on Cushing Drive, even though the road has not been constructed.
If one were to adopt the position of the Trust havoc would rain. For example, a party owning a 100-acre rectangular parcel of land with 100 feet of frontage on a public way could theoretically obtain subdivision approval by dividing the land into two parcels by designing a street perpendicular to the public way. After receiving approval, the party could then subdivide the two lots into many lots each with adequate frontage on the paper street and argue subdivision approval is not required because the paper street is a way on an approved plan. If lots were sold the town would be without assurance the road would ever be constructed pursuant to the definitive plan. Clearly this would not comport with the intent of the Legislature to protect the safety, convenience and welfare of the inhabitants of the community. G.L.c. 41, §81M. It is the function of the planning board to insure “adequate access to all the lots in a subdivision by ways that will be safe and convenient for travel ... for securing safety in the case of fire ... for securing adequate provision for water, sewerage,. .. fire, police . . . and street lighting ...” Id.
The Board argues the covenant is insufficient to meet rule 6.3 of the Rules and Regulations pertaining to a performance bond. The developer has three options under the performance bond rule for completion of the development. The Trust has neither satisfied the Form F covenant nor posted any security to insure Cushing Drive will be constructed properly. The exclusion of the lots in the 2.92-acre parcel from the subdivision control law requires there be an actual street with “adequate access for fire trucks and emergency vehicles.” Jaxtimer v. Planning Board of Nantucket, 38 Mass.App.Ct. 23, 24 (1995).
In Gates v. Planning Board of Dighton, 48 Mass.App.Ct. 394 (2000), Justice Kass discussed and distinguished the case in which the access was illusory. He noted the “primacy of efficient vehicular access as the pivotal criterion for a board’s making an ANR decision. Justice Kass includes the case of Perry v. Planning Board of Nantucket, 15 Mass.App.Ct. 144, 151-53 (1983), where the ’’lots fronting on a paper street, i.e., a street that had not been built, did not provide access within the meaning of §8 IP because the access was not real in the physical sense. Despite technical compliance with frontage requirements and a planning board’s limited authority in acting under §8IP, a board can properly deny a §8IP endorsement where access is nonexistent for the purposes set out in . . . §81M." Gates, supra 396-97.
The request by the Trust is controlled by Perry, supra. The decision of the Board denying ANR approval is affirmed and summary judgment is entered for the Board.

ORDER

It is hereby ORDERED that summary judgment is allowed in favor of the Board affirming its decision denying the Trust’s application for ANR (approval not required) under G.L.c. 41 §81 P. The motion by the Trust for summary judgment is denied.