Billings, Thomas P., J.
For the reasons that follow, the defendant’s Motion to Dismiss is DENIED.

1. Limitations/Continuing Violation

Both the MCAD’s regulations (formerly 804 CMR 1.03(2), now 804 CMR 1.10(2)) and the common law (see Ocean Spray Cranberries, Inc. v. Massachusetts Comm’n. Against Discrimination, 441 Mass. 632, 642 (2004), and Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531 (2001), recognize the “continuing violation” doctrine, under which discriminatory actions taken earlier than six months prior to the filing of a Charge of Discrimination of the MCAD may be actionable, provided “that ‘(1) at least one discriminatory act occurred within the six month limitations period; (2) the alleged timely discriminatory acts have a substantial relation to the alleged untimely discriminatory acts; . . . and (3) earlier violations outside the six-month limitations period did not trigger [the complainant’s] ’’awareness and duty" to assert his rights," either because (A) (in the case of serial violations) “[the complainant] could not have formed a reasonable belief at the time the employment actions occurred that they were discriminatory,’ ” Ocean Spray, 441 Mass. at 643, or because (B) (in the case of a systemic violation) did not know and should not reasonably have known “that her work situation was pervasively hostile and unlikely to improve.” Cuddyer, 434 Mass. at 541.
Because it depends on what the plaintiff knew or should have known, and when, the application of the continuing violation doctrine to a particular case frequently presents an issue of fact to be decided by the jury. Id.; Clifton v. Massachusetts Bay Transp. Auth., 62 Mass.App.Ct. 164, 172 (2004).
Even where claims arising from earlier conduct is time-barred, moreover (for example, because the complainant knew or should have known at the time that the conduct was discriminatory), “a ‘plaintiff who has a seasonable claim may use events that occurred prior to the six-month limitation period as background evidence . . . even though [he] cannot recover damages for the time-barred events.’ ” Id. at 647, quoting Cuddyer, 434 Mass. at 530.
The City has brought its motion as one under Rule 12(b)(6). From the face of the Complaint, I cannot say that the continuing violation doctrine is inapplicable to any or all of the conduct alleged by the plaintiff. I do note that in each of his three MCAD charges, the plaintiff alleged some conduct within the six months preceding the charge, and that none, apparently, was dismissed by the agency for lack of jurisdiction. On the face of the Complaint, therefore, it appears that the case may come within the continuing violation doctrine; at least, it can not be said that “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief’ on the allegedly time-barred claims. Nader v. *107 Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).[1]

2.Allegations Going Beyond the Scope of the MCAD Charges

The City observes that certain instances of conduct alleged in the Complaint were not alleged in any of the Charges of Discrimination, and correctly notes that a Chapter 151B plaintiff who has not first filed in the MCAD cannot bring a claim in this Court. A line of federal caselaw holds that the claims triable in the judicial action extend “to the content of the charge filed with the MCAD and claims within the scope of an MCAD investigation based on this claim." LaRosa v. United Parcel Service, Inc., 23 F.Sup.2d 136, 151 (D.Mass. 1998), citing Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Under this approach,
[a]n administrative charge is not a blueprint for the litigation to follow . . . [TJhe exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow . . . Rather, the critical question is whether the claims come within the scope of the [MCAD] investigation which can reasonably be expected to grow out of the charge of discrimination.
Edwin v. Blenwood Associates, Inc., 9 F.Sup.2d 70, 73 (D.Mass. 1998)
In Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 672-73 (2000), the SJC referenced the federal “scope of investigation rule” with seeming approval, but held it inapplicable to the facts before it. Numerous cases from this Court have applied the rule. E.g., Wong v. City of Cambridge, 2003 WL 1542117 (Mass.Super. 2003, Lauriat, J.) (16 Mass. L. Rptr. 48); Fallon v. Federal Express Corp., Inc., 2002 WL 31677216 (Mass.Super. 2002, Muse, J.); Francisque v. Massachusetts Financial Services Co., 2000 WL 1273522 (Mass.Super. 2000, Xifaras, J.) (11 Mass. L. Rptr. 643); MacAlpine v. Digital Equipment Corp., 1998 WL 1184184 (Mass.Super. 1998, Gershengom, J.); Burke v. Raytheon Co., 1993 WL 818702 (Mass.Super. 1993, Butler, J.) (1 Mass. L. Rptr. 364).
In the present case, Alvarez alleges that his various career reversals have resulted from a pervasive and longstanding pattern of racial discrimination.[2] It seems reasonable to suppose that the MCAD’s investigation would extend to whatever personnel actions adversely affecting Alvarez, within, a reasonable timeframe, came to its attention.
A review of the investigator’s Recommendation for Dismissal of Complaint confirms, in fact that the investigation embraced (at least) the 1997 reprimand; the similar conduct in 1999 by a white officer, with no ramifications; the April 12, 1999 failure to pay Alvarez for attending a firearms recertification class; the investigation of his use of sick time; and Alvarez’s overall contention “that Superintendent Davis has purposely denied him employment opportunities because of his race and national origin and in retaliation for an incident involving an altercation between himself and a white officer, Thomas Kennedy, back in 1997.” On this ground too, therefore, the complaint survives a Rule 12 motion to dismiss.
3. Issue and/or Claim Preclusion[3]
A decision by the Civil Service Commission may be issue-preclusive as to a later proceeding, provided “the issue litigated before the civil service commission was identical to the issue litigated [in the second proceeding], and . . . essential to the earlier order.” Green v. Brookline, 53 Mass.App.Ct. 120, 124 (2001). That is manifestly not the case here, where the Commission determined only that there was just cause to discipline the plaintiff for the incident with Kennedy and that a 15-day suspension was too severe; it had no occasion to address whether the discipline was racially motivated (i.e., whether the plaintiff was treated more severely than a similarly situated white officer would have been).
The rights asserted in this case under Chapter 15 IB are distinct from the Chapter 31 rights litigated in the civil service proceeding.
The distinctly separate nature of these .. . rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.
Blanchette v. School Committee of Westwood, 427 Mass. 176, 179-81 (1998) (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 43 (1974), and holding that employee’s discrimination claim was not precluded by arbitration under collective bargaining agreement).
Nor are the plaintiff s claims barred by claim preclusion. “Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.” Blanchette, 427 Mass. at 179 n.3. The plaintiffs discrimination claims were not, and could not have been, litigated before the Civil Service Commission, since the MCAD, among state agencies, has exclusive jurisdiction over claims under Chapter 151B.

4. Reference to Arbitration and/or the Civil Service Commission

The discussion in the preceding section points the way to disposition of the City’s final ground for dismissal: that the plaintiff is required either to submit his discrimination claims to arbitration under the collective bargaining agreement, or bring them before the Civil Service Commission. It suffices to add here that the City misreads the Blanchette case, which questioned, and expressly declined to adopt as Massachusetts law, the holding in Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 886 (4th *108 Cir.), cert. denied, 519 U.S. 980 (1996), that a statutory discrimination claim must be arbitrated. 427 Mass. at 183 n.7.

 This is, it should be remembered, a decision on a motion to dismiss, applying “the indulgent standards applicable to the sufficiency of [the] complaint in the face of [a] motion to dismiss.” Adams v. Liberty Mut. Ins. Co., 60 Mass.App.Ct. 63 n.14 (2003). Issues involving the admissibility of evidence, and ultimately, the sufficiency of that evidence are, of course, for the trial judge.

 The City counters that:
The fault, dear Bmtus, is not in our stars,
But in ourselves, that we are underlings.

 “Issue preclusion” is the concept traditionally referred to as res judicata; “claim preclusion” is the same as collateral estoppel. See Blanchette v. School Committee of Westwood, 427 Mass. 176, 179 n.3 (1998).