JOSEPH DRAYTON *vs.* COMMISSIONER OF CORRECTION
& others.[1]

No. 99-P-734.

Suffolk. March 8, 2001. - July 26, 2001.

Present: PORADA, LENK, & GELINAS, JJ.

*Commissioner of Correction. Practice, Civil,* Action in nature of certiorari. *Administrative Law,* Prison disciplinary proceeding, Regulations. *Due Process of Law,* Prison disciplinary proceedings, Prison regulation.

Sanctions imposed on a State prisoner as a result of a prison disciplinary proceeding did not implicate any liberty interest sufficient to support a claim of violation of due process under the State or Federal Constitution [138-139]; however, where it appeared that the prisoner had been denied the opportunity to present relevant evidence and to cross-examine witnesses at the hearing, the action was remanded to the Superior Court to determine whether prison officials had failed to comply with regulations of the Department of Correction, and if so, whether such failure would amount to a substantial error of law affecting the material rights of the prisoner [139-140].

CIVIL ACTION commenced in the Superior Court Department on December 24, 1996.

The case was heard by *Diane M. Kottmyer,* J., on motions for summary judgment.

*Joseph Drayton,* pro se.

*Thomas E. Abruzzese* for the defendants.

PORADA, J. The plaintiff, a pro se inmate, filed an action against the defendants in the nature of certiorari under G. L. c. 249, § 4,[2] claiming that procedural irregularities in a

[1]Brian McDonald, Karen Collins, Sergeant Spadafora, Michael Thompson, Peter A. Pepe, who are all employees of the Department of Correction, and two John Does, who are fellow inmates.

[2]The plaintiff did not include his complaint or amended complaint in the record submitted to us. All parties and the judge have treated this action as one limited to an action in the nature of certiorari.

disciplinary proceeding violated his right to due process under both the Federal and State Constitutions and the regulations of the Department of Correction (department). The plaintiff filed a motion for partial summary judgment[3] and the defendants filed a motion for summary judgment. Although the motion judge stated that it appeared that the plaintiff had been denied the right to present material evidence and to cross-examine witnesses possessing relevant information, she denied the plaintiff's motion and allowed the defendants' motion on the ground that the sanctions imposed upon the plaintiff did not implicate a liberty interest protected by the due process clause of the Federal and State Constitutions. The plaintiff appeals from the allowance of the defendants' motion for summary judgment.[4]

We summarize the uncontroverted facts pertinent to this decision. On September 6, 1996, the plaintiff was housed at the Massachusetts Correctional Institution at Shirley (MCI-Shirley). On that date, he received a visit from his sister, Janet Drayton. Following her visit he was strip-searched before he was returned to his cell. Apparently, no contraband was discovered. As a result of an internal investigation, on September 11, 1996, the plaintiff received a disciplinary report from Officer Brian McDonald charging him with bringing heroin into the facility through his visit with his sister and obtaining heroin for two inmates, Bruce Dabrieo and Joseph Thomas. The disciplinary report was based on information received from two informants and the recovery of heroin from Dabrieo. Prior to the hearing, the plaintiff requested that he be allowed to call among his witnesses his sister, Janet Drayton, and Sergeant Daigle, who was the officer on duty in the visitor's room at the time of the plaintiff's visit with his sister. The plaintiff also requested that

---

[3]The plaintiff has not included his motion for partial summary judgment in the record.

[4]Although both parties filed motions under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), review under G. L. c. 249, § 4, is limited to correcting "substantial errors of law that affect material rights and are apparent on the record." Gloucester v. Civil Serv. Commn., 408 Mass. 292, 297 (1990), quoting from Debnam v. Belmont, 388 Mass. 632, 635 (1983). Therefore, we need not concern ourselves with summary judgment principles.

The proper vehicle for review is a motion for judgment on the pleadings. The Black Rose, Inc. v. Boston, 433 Mass. 501, 503 n.1 (2001).

certain documents be produced at the hearing, including the logs of plaintiff's entrances and exits from his block or any other area within MCI-Shirley on September 6 and September 7 and logs for the months of August and September showing entrances and exits of inmates into the yard and gym area. Sergeant Spadafora denied his request to call Daigle and Janet Drayton as witnesses because he did not consider their testimony relevant. Likewise, he denied the plaintiff's request for the production of the logs on the ground that the plaintiff had failed to show why those documents were relevant. A hearing was held on November 5, 1996. At the outset of the hearing, the plaintiff requested that the hearing officer, Karen Collins, recuse herself because she had been the hearing officer who had presided over the disciplinary charges against Dabrieo. Collins denied the request. At the hearing, Collins refused to allow the plaintiff to question the reporting officer McDonald about the source of the informant's information about the plaintiff. She also denied the plaintiff's request to call witnesses and introduce in evidence the logs previously requested by the plaintiff on the same grounds that Spadafora had refused those requests prior to the hearing. Based on the information furnished by the two informants and evidence of Dabrieo's possession of heroin after September 6, Collins found the plaintiff guilty of introducing heroin into MCI-Shirley and conspiring with others to do so. She imposed sanctions of thirty days in isolation, loss of visitation privileges for one year, and reclassification to a higher security facility. The plaintiff appealed the guilty finding to the superintendent, who denied the appeal.

On appeal to this court, the plaintiff claims that the defendants violated his right to procedural due process under the Federal and State Constitutions and the department's regulations by refusing his request to call several witnesses; by not allowing him to introduce as evidence the prison logs requested by him; by denying his right to cross-examine the reporting officer about the reliability of the information received from the informants; by denying his request for the recusal of the hearing officer; by admitting as evidence the information received from two informants; by finding him guilty on insufficient evidence; and by the superintendent's denial of his appeal. We address the plaintiff's claims.

1. *Due process requirements.* An inmate is entitled to the protection of procedural due process under the Federal and State Constitutions only if there is an existing liberty or property interest at stake. *Sandin* v. *Conner*, 515 U.S. 472, 484 (1995). *Torres* v. *Commissioner of Correction*, 427 Mass. 611, 617, cert. denied, 525 U.S. 1017 (1998). Under the Fourteenth Amendment, a liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin* v. *Conner*, 515 U.S. at 484. Here, the motion judge determined that the sanctions imposed upon the defendant did not create a liberty interest and, thus, the defendant was not deprived of the protections of due process to which he was entitled under both the Federal and State Constitutions.

The sanctions in this case consisted of thirty days in isolation,[5] loss of visitation privileges for one year, and transfer to a higher security prison. The plaintiff's due process claims under the Federal Constitution are foreclosed by the decisions in *Kentucky Dept. of Corrections* v. *Thompson*, 490 U.S. 454, 460 (1989) (the Federal due process clause does not give a prisoner the right to unfettered visitation); *Sandin* v. *Conner*, 515 U.S. at 486 (disciplining a prisoner for thirty days in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); and *Dominique* v. *Weld*, 73 F.3d 1156, 1160-1161 (1st Cir. 1996) (transfer of a prisoner to a more secure prison did not constitute an atypical, significant deprivation giving rise to a liberty interest protected by the due process clause).

While it is not clear whether the *Sandin* v. *Conner* analysis applies for purposes of determining State due process requirements, *Hudson* v. *Commissioner of Correction*, 431 Mass. 1, 7 & n.9 (2000), the sanctions imposed here did not create a liberty interest protected by our State Constitution. Although the plaintiff received a sanction of thirty days in isolation, he was credited with the time spent in awaiting action status and, thus, did not incur this penalty. As for his other sanctions, no due process rights under the State Constitution are implicated by the

---

[5]The plaintiff incurred no penalty because the hearing officer credited him with time spent in awaiting action status pending his disciplinary hearing.

transfer of a prisoner from one facility to another, *Hastings* v. *Commissioner of Correction*, 424 Mass. 46, 52 (1997); *'Abdullah* v. *Secretary of Pub. Safety*, 42 Mass. App. Ct. 387, 393 (1997), or the curtailment of visitation rights in order to preserve internal order and discipline and to maintain institutional security. *Matthews* v. *Rakiey*, 38 Mass. App. Ct. 490, 494-497 (1995). The judge did not err in concluding that the defendants had not violated the plaintiff's rights to due process under the Federal and State Constitutions.

2. *The department's regulations.* Although the judge found that the defendant was denied the opportunity to present relevant evidence and to cross-examine witnesses, she did not specifically address whether those or any of the other procedural irregularities cited by the plaintiff constituted a violation of the department's regulations based on her belief that, under the standard adopted by the United States Supreme Court in *Sandin* v. *Conner* and applied by her in this case, the plaintiff was not entitled to any relief. We believe the judge was mistaken. See *Henderson* v. *Commissioners of Barnstable County*, 49 Mass. App. Ct. 455, 462-468 (2000) (although the procedure followed by the superintendent of the Barnstable County jail and house of correction and the county commissioner in revoking certain prisoners' good time credits did not violate the due process requirements of the Federal Constitution, it did violate regulations promulgated by the commissioner of correction, and, thus, was unlawful).

In concluding that the prisoner in *Sandin* v. *Conner* did not have a liberty interest that would entitle him to the procedural protections set forth in *Wolff* v. *McDonnell*, 418 U.S. 539 (1974), the Supreme Court stated that "[p]risoners . . . retain other protections from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and may draw upon internal prison grievance procedures and State judicial review where available." *Sandin* v. *Conner*, 515 U.S. at 487-488 n.11. Here, the plaintiff invoked the State judicial review available to him for the alleged failure of prison officials to adhere to the department's regulations. *Ford* v. *Commissioner of Correction*,

27 Mass. App. Ct. 1127, 1129 (1989). "The purpose of the certiorari procedure is to provide a remedy, where none would otherwise exist, if necessary to avoid manifest injustice," *ibid.*, or, as otherwise stated, to correct substantial errors of law on the record that adversely affect material rights. *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 297 (1990). We do not believe that it was the intention of the Supreme Court in *Sandin* to divest an inmate of the ability to challenge the use of alleged improper procedures in the conduct of a disciplinary proceeding because the sanctions did not implicate a liberty interest. To permit this would allow the department carte blanche to conduct a disciplinary hearing in any manner it saw fit as long as the sanction imposed was minor or did not implicate a liberty interest.

Accordingly, we are of the opinion that the judge should have determined whether the defendants failed to comply with the process required by the department's regulations in the conduct of the plaintiff's disciplinary hearing and should not have dismissed the plaintiff's complaint in its entirety. Having concluded that it appeared that the plaintiff was denied the opportunity to present relevant evidence and to cross-examine witnesses, the judge should have gone on to address whether those denials or the plaintiff's other alleged procedural irregularities constituted a violation of the department's regulations and whether any of those alleged defects would amount to substantial errors of law affecting the material rights of the plaintiff. *Henderson* v. *Commissioners of Barnstable County*, 49 Mass. App. Ct. at 462-468.

Accordingly, we think the judgment must be vacated and the action remanded to the Superior Court for further proceedings for the judge to determine whether the defendants failed to comply with the regulations of the department and, if so, whether said failure constituted a substantial error of law adversely affecting the material rights of the plaintiff.

*So ordered.*