Ricciardone, David, J.
OVERVIEW
This matter came before the court for hearing on the defendant Thomas Dickhaut’s motion for summary judgment and the three pro se plaintiffs’ cross motion for summary judgment. For reasons addressed below, the defendant’s motion is ALLOWED and the *557 plaintiffs’ cross motion for summary judgment is DENIED.
DISCUSSION
This is a case that is ripe for summary judgment since the facts are not in dispute in this contest over the legality of the superintendent’s actions in imposing sanctions and restitution for violations of the prison’s alcohol policy. Massachusetts Rules of Civil Procedure R. 56(c). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). At the heart of the plaintiffs’ case is their contention that mandatory restitution assessments for subsequent alcohol offenses is an unconstitutional penally over and above the other sanction(s) imposed, such as loss of contact visits. This exact situation has already been addressed by the Supreme Judicial Court in Ciampi v. Commissioner of Correction, 452 Mass. 162 (2008). “[T]he challenged policy and regulations that authorize restitution as a disciplinary sanction are reasonably related to the overarching goal of maintaining safety and discipline in prisons.” Id. at 168. This court is bound by the SJC holding that the very policy involved here is permitted, despite the plaintiffs’ contention “the state court got it wrong.”[3]
Nor is the plaintiffs’ argument persuasive that the restitution figures are excessive. The facility’s policy requires a one-year course of substance abuse testing for a first offense of possessing alcohol. This offender is charged for that testing at a rate of $180.00. If the prisoner offends again, he is required to undergo two years of testing and pay $360.00 as restitution for the testing. If he offends a third time, three years of mandatory testing is imposed with the offender assessed $540.00 therefor. The plaintiffs argue that in their case, they now owe over $1000.00 for three years of testing which is unfair and unrelated to the actual costs of the three years of testing. The problem with this reasoning is that it assumes that the third offender is entitled to having the first two restitution amounts effectively wiped out because the third offense penally is limited to three years of testing. This is fallacious. If the prisoner commits three offenses before his first offense’s penalty has been paid, he is not entitled to the reward of having the earlier discipline excused. To rule otherwise would offer little disincentive to reoffend. Effectively, an offender who commits three separate alcohol violations in relatively short succession is looking at footing the bill for six years of testing.
A prisoner who puts himself in this position cannot be heard to complain that he now is prohibited from purchasing his desired hygiene products, because his account is frozen or depleted. As long as the facility meets his basic hygienic requirements as the facility’s express policy on “Hygiene Standards” purports to do, the Eighth Amendment is not implicated. This is so even if the plaintiffs believe that the policy’s definition of “articles necessary for the maintenance of proper personal hygiene” is too limited and should include items such as deodorant and shampoo.
As to the plaintiffs’ argument that their due process rights have been violated where the defendant deprives them of contact visits upon being charged with violations, this court must follow settled precedent in concluding that there is no implication of a liberty interest by the temporary loss of contact visiting privileges. Drayton v. Commissioner of Correction, 52 Mass.App.Ct. 135, 138 (2001); Matthews v. Rakely, 38 Mass.App.Ct. 490, rev. denied, 420 Mass. 1107 (1995).
Accordingly, each of the plaintiffs’ claims fail.
ORDER
For the reasons stated, the defendant’s motion for summary judgment is ALLOWED, and the plaintiffs’ cross motion for summary judgment is DENIED.

Plaintiffs’ memorandum, page 7. The plaintiffs do not dispute that they violated the prison alcohol mies, or that they were found guilty for this after hearings that provided due process of law.