The plaintiff, a sex offender civilly committed to the Massachusetts Treatment Center at Bridgewater (MTC), was found guilty of possessing another inmate's property in an internal disciplinary proceeding. He filed a complaint against the defendants in the nature of certiorari pursuant to G. L. c. 249, § 4, challenging the administrative decision and claiming that the disciplinary proceeding violated his right to due process. A Superior Court judge denied the plaintiff's motion for partial summary judgment and entered judgment on the pleadings for the defendants. On appeal, the plaintiff repeats the arguments he advanced in the Superior Court. We affirm.
 

 Background
 
 . A correction officer confiscated a "walkman" electronic device (which he referred to as an "MP3 player") from the plaintiff's cell. That device was not on the plaintiff's property inventory form and therefore the plaintiff was not authorized to have it. Further investigation revealed that the item belonged to another inmate and that it was listed on that inmate's property inventory form. The plaintiff was cited for unauthorized possession of another person's property. Following a hearing before the behavior review committee (BRC) at the MTC, the BRC found that the plaintiff was in possession of another person's property in violation of 103 Code Mass. Regs. § 431.11(1)(D-8) (1997).
 
 [3]
 
 The finding was based on the BRC's consideration of the report of the investigating officer, that officer's testimony, the plaintiff's property inventory form, and the electronic device. That decision resulted in the plaintiff's loss of his gymnasium privileges for five days. The plaintiff filed an internal appeal, which was denied.
 

 Discussion
 
 . The purpose of the certiorari procedure in this context is to correct substantial errors of law that adversely affect an inmate's material rights.
 
 Drayton
 
 v.
 
 Commissioner of Correction
 
 ,
 
 52 Mass. App. Ct. 135
 
 , 140 (2001). "Our review of a disciplinary proceeding is based on whether the record contains substantial evidence to support the hearing officer's decision."
 
 Puleio
 
 v.
 
 Commissioner of Correction
 
 ,
 
 52 Mass. App. Ct. 302
 
 , 305 (2001).
 

 Here there was ample evidence to support the administrative decision. The investigating officer's testimony clearly established that the plaintiff was in possession of an electronic device that belonged to another inmate and that the plaintiff's possession of the item was unauthorized, all in violation of 103 Code Mass. Regs. § 431.11(1)(D-8). The plaintiff did not deny his possession of the electronic device. He claimed that the mischaracterization of the item as an "MP3 player" and "contraband" adversely affected his material rights. The judge considered this argument, but concluded that "[t]he testimony and evidence provided at the BRC hearing, that the plaintiff possessed property belonging to another, is 'adequate to support [the BRC's] conclusion.' G. L. c. 30A, § 1(6)." We discern no error in the judge's conclusion that there was substantial evidence supporting the administrative decision.
 

 The plaintiff's constitutional claims are equally unavailing. It is well established that an inmate is entitled to the protections of due process only when an existing liberty or property interest is at stake.
 
 Drayton
 
 ,
 

 supra
 

 at 138
 
 . In this context, a liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."
 
 Sandin
 
 v.
 
 Conner
 
 ,
 
 515 U.S. 472
 
 , 484 (1995). Here, the loss of gymnasium privileges for five days does not infringe on such a liberty interest. See
 
 Puleio
 
 ,
 

 supra
 

 at 306
 
 (punishment of ten days' detention in segregated unit not significant hardship resulting in infringement of liberty interest). Simply put, we see no reason to disturb the judgment of the Superior Court.
 
 [4]
 

 Judgment affirmed
 
 .
 

 Title 103 Code Mass. Regs. § 431.11, entitled "Code of Offenses," provides in pertinent part that "[o]bservation of [b]ehavior offenses shall include ... [u]nauthorized possession of property belonging to another person." 103 Code Mass. Regs. § 431.11(1)(D-8).
 

 In light of our ruling, we need not consider the alternative arguments for affirming the judgment raised by defendant Prete.