NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-606

JAMES M. FEENEY

vs.

DEPARTMENT OF CORRECTION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought an action in the nature of certiorari challenging a disciplinary decision of the Department of Correction (department). A Superior Court judge allowed the department's motion for judgment on the pleadings and dismissed the plaintiff's complaint. On appeal, the plaintiff contends that in conducting the disciplinary hearing, the department based its decision on insufficient evidence, and violated his due process rights by denying his requests to call witnesses and access certain evidence. Because we conclude that the department failed to adequately support its decision to deny the plaintiff's request to present certain witness testimony that was relevant and potentially exculpatory, we vacate the judgment and remand for further proceedings.

Background.  On July 28, 2020, while the plaintiff was incarcerated at the Souza-Baranowski Correctional Center, Sergeant Aaron Gill observed the plaintiff wearing a 4XL department-issued T-shirt with the "V-neck collar [having been] intentionally removed."  The plaintiff was issued a disciplinary report alleging three separate infractions, including "[m]utilating, defacing or destroying state property."  103 Code Mass. Regs. § 430.24(4-2) (2019).  Sergeant Gill seized the shirt from the plaintiff, took photographs for evidence, and then disposed of it.

Before his disciplinary hearing, the plaintiff requested certain video footage between April 2019 and the date the disciplinary report was issued to use as evidence in his defense.[1]  He alleged that the video footage would prove "th[e] shirt was issued to [him] in th[e] same condition," and that it was the only shirt he had worn outside his housing unit during his time at the facility.  Further, the plaintiff sought to call Sergeant Joseph Bue, along with an unidentified inmate who had worked for Sergeant Bue in January 2019, as witnesses.  The primary purpose of their testimony was to address whether Sergeant Bue issued new or used clothing to inmates around that

---

[1] On an evidence request form, the plaintiff sought "[a]ll video footage of 'Happy Hour' in which between Jan 19 and the end of happy hour in the corridor.  Specifically, months June, July, Aug[ust].  Also Booking in April 2019."

time, and whether the plaintiff was issued the used shirt "due to lack of new ones."  The plaintiff's requests were denied on the grounds that his request for video footage was "[v]ague," and the expected testimony of Sergeant Bue and the unidentified inmate was "irrelevant."[2]

On August 11, 2020, the plaintiff's disciplinary hearing was held.[3]  At the hearing, the plaintiff repeated his requests for certain evidence, testified in his own defense, and questioned Sergeant Gill regarding the issuance of the disciplinary report.[4]  The plaintiff argued, among other things, that he had been issued the shirt in the same condition nearly two years prior, and that the denial of his requests for evidence violated applicable department regulations and his due process rights.  The hearing officer found the plaintiff guilty of charge 4-02, mutilating, defacing, or destroying State property; the remaining charges were dismissed as duplicative. See 103 Code Mass. Regs. § 430.24 (2019).  In rendering his

---

[2] At the August 11 disciplinary hearing, the plaintiff identified the inmate worker as "Marty."  The hearing officer also denied this testimony for "[f]ailure to identify."

[3] The plaintiff requested (and paid for) an audio recording of the August 11 disciplinary hearing.  The plaintiff relied on this recording in filing a "supplemental motion" following the May 24, 2021 hearing before the Superior Court, and both parties cited to portions of the recording in their briefs on appeal. We therefore have considered the recording here.

[4] The plaintiff requested that the T-shirt be present for the hearing, but it was disposed of.  Sergeant Gill testified that he did not observe the plaintiff alter the shirt.

decision, the hearing officer credited the oral and written statements of Sergeant Gill, and determined that the evidence requested by the plaintiff was properly denied.[5]  As a sanction, the plaintiff was assessed restitution in the amount of $8.45, the cost of the shirt.

The plaintiff appealed the guilty finding to the acting superintendent, which was later denied.  Thereafter, the plaintiff filed an action in the Superior Court pursuant to G. L. c. 249, § 4, seeking relief from the disciplinary decision.  The parties filed cross motions for judgment on the pleadings.  After a hearing, the motion judge allowed the department's motion, finding that substantial evidence supported the guilty finding, and that the plaintiff's due process rights had not been infringed.  This appeal followed.

Discussion.  In considering the plaintiff's appeal from the final disciplinary decision, we review the administrative record "to correct substantial errors of law on the record that adversely affect material rights."  Drayton v. Commissioner of Correction, 52 Mass. App. Ct. 135, 140 (2001).  Prison inmates are entitled to procedural due process protections under the

---

[5] In a written statement explaining the basis for the guilty finding, the hearing officer stated:  "In conclusion I find that while the [plaintiff] was not actually observed altering [the] garment, he was in possession of an altered state issued scrub top."

4

United States and the Massachusetts Constitutions if sanctions create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). See Torres v. Commissioner of Correction, 427 Mass. 611, 617-618, cert. denied, 525 U.S. 1017 (1998).

It is well settled that "[t]he procedural protections of due process apply . . . only if there is an existing liberty or property interest at stake." O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 135 (1993). Here, the plaintiff asserts that he had a protected property interest in the $8.45 withdrawn from his account to satisfy the ordered sanction of restitution. The United States Court of Appeals for the First Circuit has stated that "[i]t is clear beyond hope of contradiction that an inmate has a property interest in the balances held in his accounts." Young v. Wall, 642 F.3d 49, 53 (1st Cir. 2011), citing Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). We thus conclude that, at least in this context, the plaintiff was entitled to due process prior to the deprivation of his funds. See, e.g., Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir.), cert. denied, 577 U.S. 889 (2015) ("[t]here is no question that [an inmate's] interest in the funds in his prison account is a protected property interest" [citation omitted]). See also Ciampi v. Commissioner of Correction, 452 Mass. 162, 170 (2008)

5

(assuming that "prisoners have a statutorily protected property interest in the funds in their prison accounts entitling them to due process protection").  We next consider whether the plaintiff received the process he was due.

"At a minimum, the due process clause of the Fourteenth Amendment to the United States Constitution requires that there be notice and an opportunity for a hearing before a person is deprived of a protected property interest."  Ciampi, 452 Mass. at 170.

> "In a disciplinary proceeding where a prisoner's [property] interest is at stake he must be given '(1) advanced written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'"

Id. at 170-171, quoting O'Malley, 415 Mass. at 138.  The gravamen of the plaintiff's due process claim here is that the denial of his requests to call certain witnesses infringed on his due process rights.  We agree.

Although "[a] disciplinary board, at its discretion, may refuse to call a witness [or produce evidence] requested by an inmate on grounds of 'irrelevance, lack of necessity, or the hazards presented in individual cases" (citation omitted), Nelson v. Commissioner of Correction, 390 Mass. 379, 390 (1983), "prison officials may be required to explain, in a limited

6

manner," the basis for limitations placed on an inmate's calling of witnesses or the denial of requested evidence, Ponte v. Real, 471 U.S. 491, 497 (1985). An inmate ordinarily "should be allowed to call witnesses if to do so will 'not be unduly hazardous to institutional safety or correctional goals'" (citation omitted). Nelson, supra. See 103 Code Mass. Regs. § 430.14(4) (2019) (inmate may present evidence, "when permitting him or her to do so will not be unduly hazardous to personal or institutional safety"). "[T]he burden of persuasion as to the existence and sufficiency of such institutional concerns [justifying the denial of an inmate's request to call witnesses] is borne by the prison officials, not by the prisoners" (citation omitted). Smith v. Massachusetts Dep't of Correction, 936 F.2d 1390, 1399-1400 (1st Cir. 1991).

In denying the plaintiff's request to call Sergeant Bue as a witness, the department reasoned that the expected testimony was irrelevant. Department regulations define "[e]xculpatory [e]vidence" as "[e]vidence that is potentially helpful to the inmate in either proving innocence or in establishing lesser responsibility for the offense(s) as charged." 103 Code Mass. Regs. § 430.05 (2019). Here, the plaintiff maintained that Sergeant Bue, or an unidentified inmate working under his supervision, issued him the shirt in the same condition as when

7

it was seized.[6]  He explained that the purported reason he was issued the shirt in such a worn condition was that there were no other shirts in his size (4XL) available, and that he was supposed to be given new clothes.  Had Sergeant Bue, who we presume was responsible for issuing clothing to inmates in January 2019, confirmed the plaintiff's version of events, it would have likely proven the plaintiff's lack of culpability for the mutilation or alteration of the shirt.  It is therefore apparent that the testimony of Sergeant Bue was relevant,[7] and possibly exculpatory.

_____

[6] In his written disciplinary decision, the hearing officer stated that the plaintiff "did not . . . dispute the condition of the scrub top and indicated it was issued to him in disrepair and that the collar eventually fell off."  In apparent reliance on this statement, the Superior Court judge stated in her decision allowing the department's motion for judgment on the pleadings that "whether the shirt issued to Feeney was new or used was not relevant where Feeney testified that the collar fell off after the shirt was in his possession."  However, this is not supported by the audio recording of the disciplinary hearing.  The plaintiff did not testify that the shirt collar fell off after he received it.  Rather, he pointed out that the photographs of the shirt suggested that the stitching around the collar had come apart, causing the collar to fall off, without any reference to when that may have occurred.  The plaintiff stated multiple times at the hearing, during his own testimony, and in examining Sergeant Gill, that the condition of the shirt was the same as when it was issued to him.  This is consistent with the plaintiff's written request for video footage, dated July 29, 2020, where he explained that "the[ ] tapes will show this shirt was issued to me in this same condition."
[7] If the inmate working under Sergeant Bue's supervision were to be sufficiently identified, we would also view their testimony as relevant.

8

In conclusion, while disciplinary proceedings are civil in nature, and thus "the full panoply of rights due a defendant in [a criminal prosecution] do[ ] not apply," Wolff v. McDonnell, 418 U.S. 539, 556 (1974), "[t]he touchstone of due process is protection of the individual against arbitrary action" (citation omitted).  Nelson, 390 Mass. at 392.  Here, we discern no reasonable basis for the denial of the plaintiff's request to call Sergeant Bue as a witness,[8] see 103 Code Mass. Regs. § 430.11(2) (2019) (conferring on disciplinary officer responsibility to "approve or deny with good cause and in writing any requests made by the inmate for witnesses or evidence" [emphasis added]), and thus conclude that the

---

[8] Although not determinative, we note that our conclusion here is buttressed by the plaintiff's other grievances making up his due process claim -- namely, the denial of the requested video footage, the destruction of the shirt at issue, and the expedited nature of the proceedings over the plaintiff's objection.  As for the video footage, we doubt that the hearing officer, with institutional knowledge, could not discern the meaning of the plaintiff's request.  In any event, it would not have been burdensome to seek clarification.  Further, the shirt for which the plaintiff was disciplined should have been preserved as evidence.  The department has not articulated any safety or security risk that would warrant the disposal of the shirt.  See 103 Code Mass. Regs. § 430.11(7) (2019) ("Contraband evidence that is deemed to constitute a risk to the safety or security of the institution, its staff, inmates, or any participant in the hearing process shall not be presented at the hearing").  And the hearing officer's assertion that "having the garment present . . . would not have affected the outcome" is not a reasonable justification for its disposal in this case. Again, although not determinative, we are troubled by these issues.

plaintiff's disciplinary hearing did not comport with due process.  See Ayers v. Ryan, 152 F.3d 77, 81-82 (2d Cir. 1998) (denial of requested witness testimony for prison disciplinary hearing violated due process).  Accordingly, we vacate the judgment in favor of the department, and remand the matter for the entry of a new judgment ordering further proceedings before a hearing officer consistent with this memorandum and order.

So ordered.

By the Court (Wolohojian,
  Singh & Hand, JJ.[9]),

Joseph F. Stanton

Clerk

Entered:  August 28, 2023.

---

[9] The panelists are listed in order of seniority.